UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA )
 )
v. ) No. 3:09-CR-31
 ) (Phillips)
RICKY EUGENE COFER )


**MEMORANDUM AND ORDER**


On February 10, 2011, a jury found defendant guilty of possession of a firearm by a convicted felon and of impersonating an officer making an arrest or search. These charges arose out of a home invasion on January 3, 2009.

This matter is before the court on defendant's motion for new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1). Defendant avers that he has new evidence which entitles him to a new trial. This new evidence consists of the proffered statement of Ricky Waters that Waters saw Maurice Pryor, the victim in this case, with a High Point pistol in April 2008. Defendant argues that this evidence establishes direct evidence of Pryor's ownership or possession of the gun in question and creates impeachment evidence regarding Pryor's testimony that there was no weapon in the home.

The government responds in opposition, stating that Waters allegedly saw Pryor with a High Point pistol with "orange" marks in April 2008. The gun at issue in the

present offense has "red" marks. Therefore, the government argues, Water's proffered evidence has no bearing on the events of January 3, 2009 and defendant's motion for new trial should be denied.

The decision to grant or deny a motion for new trial rests within the discretion of the district court. *United States v. Seago,* 930 F.2d 482, 488 (6th Cir. 1991). "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." *Id.* Defendant must establish the following elements before a new trial will be granted: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986).

The defendant's proffered evidence does not meet any of the above elements. First, Waters' statement is not new evidence discovered after trial. Pryor testified that he owned a High Point firearm at some date prior to the home invasion on January 3, 2009; however, he did not have a weapon in his home on January 3, 2009. Second, Waters' statement could have been easily discovered prior to trial. Defendant filed a motion for a writ of habeas corpus ad testificandum for Waters, but chose not to call Waters to testify at trial. Finally, the evidence is not likely to produce an acquittal. As pointed out by the government, Waters states that he saw Pryor with a High Point pistol with "orange" marks in April 2008, while the gun at issue in the present offense has "red"

-2-

Case 3:09-cr-00031-PLR-HBG   Document 64   Filed 08/03/11   Page 2 of 3   PageID #: 171

marks. Waters' statement is, at best, impeaching and would not likely produce an acquittal if the case were retried. "The mere existence of impeaching evidence does not warrant a new trial." *United States v. Davis*, 15 F.3d 526, 532 (6th Cir. 1994). Accordingly, defendant's motion for new trial [Doc. 59] is **DENIED.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge