UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICKY E. COFER, | ) | | |
| | ) | | |
| Petitioner, | ) | Nos. | 3:09-CR-31-PLR-HBG |
| | ) | | 3:13-CV-525-PLR |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

Petitioner, Ricky E. Cofer ("Cofer"), had a lengthy criminal career, highlighted by three prior convictions for violent felonies or serious drug offenses, before he was convicted in this case of being a felon in possession of a firearm and of impersonating a federal officer [Doc. 49].[1] The Court sentenced Cofer, an armed career criminal, to 262 months in prison [Doc. 57]. The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence [Doc. 73].

The facts of the case are not complicated. Cofer, armed with a handgun, and another man gained access to the victim's residence by wearing "police like uniforms" and showing a fake "ATF search warrant." The victim's home security system alerted law enforcement, and Cofer was apprehended at the scene. The officers recovered the firearm and arrested Cofer [Doc. 73].

Now before the Court is Petitioner's pro se § 2255 Motion, and memorandum in support, which allege several claims of ineffective assistance of counsel [Docs. 75, 76]. The Government responded in opposition [Doc. 82]. The Petitioner filed a Reply [Doc. 86].

---

[1] All citations to the record are found on the docket of case no. 3:09-CR-31-PLR-HBG.

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668 687 (1987), *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that. . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

The Petitioner alleges three claims of ineffective assistance of counsel, focused on the following subjects: (1) counsel's trial preparation and trial strategy, (2) counsel's failure to file a suppression motion, and (3) counsel's failure to argue that Cofer was "incompetent."

### 1. Trial Preparation

Cofer asserts that his attorney did not conduct adequate investigation or prepare a "meaningful" defense on his behalf. He says counsel did not contact potential fact and expert witnesses allegedly suggested by Cofer. The Court finds, however, that Cofer has not identified any of the potential witnesses by name or identified any evidence that counsel could have investigated. When a Petitioner does not identify what, in his view, counsel should have investigated, he cannot show that counsel was ineffective for not conducting further investigation. *See, e.g., United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness claim because the record did not show what information could have been further investigated or how it might have altered the outcome of the case); *Bower v. Quarterman*, 497 F.3d 459, 470 (5th Cir. 2007) ("Although [counsel] did not hire an independent investigator, this fact alone is not indicative of ineffective assistance [even] in a capital case."). The Sixth Circuit has stated that an attorney's "failure to investigate a defense *may* constitute ineffective assistance, particularly when an attorney fails to investigate a plausible alibi defense. . . [but absent] some objectively credible evidence to support an alibi defense, we

cannot fault [counsel] for choosing not to pursue additional alibi investigations," particularly where the defendant gave counsel no information that would suggest such an investigation. *Cope v. United States*, 385 F. App'x 531, 533-34 (6th Cir. 2010) (emphasis added) (explaining that "an attorney does not provide deficient counsel by making investigative decisions based. . . on information supplied by the defendant"). This claim of ineffective assistance is without merit.

2. **Motion To Suppress**

Petitioner next faults counsel for not filing pretrial motions, such as a motion to suppress evidence. The Court finds, however, that Cofer has not specified any particular evidence he believes should have been suppressed. The Court is left to speculate as to what matters should have been the subject of a pretrial motion. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief). Given that Cofer has placed nothing in the record to suggest that there was a constitutional violation requiring suppression, the Court cannot find that counsel was ineffective for not moving to suppress evidence or that the outcome of the case would have been different had counsel sought to suppress evidence. This claim for relief is without merit.

3. **Competency**

Cofer apparently claims that his counsel was ineffective for not requesting a mental evaluation to determine whether Petitioner was competent to stand trial. On the other hand, Cofer seems to be suggesting that he became incompetent between conviction and sentencing. In either event, Cofer alleges that he "suffer[ed] from a mental disease" and that evidence would have shown that he was incompetent. The standard for determining if a competency evaluation is necessary is "whether the defendant has sufficient present ability to consult with his lawyer

4

with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *United States v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001) (citation and internal quotation marks omitted). Due process requires a district court to conduct a hearing if there is "substantial evidence" of a criminal defendant's incompetency or if the court has a reasonable doubt about the defendant's competency. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *see also Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000) ("A court's failure to make a proper competency inquiry where there is substantial evidence of a defendant's incompetency violates due process. . . "); *Pate v. Smith*, 637 F.2d 1068 1072 (6th Cir. 1981) ("Once a reasonable doubt arises as to the competence of a person to stand trial, the issue must be decided on the basis of a hearing"). However, the Petitioner's unsupported claim of incompetence does not constitute "substantial evidence." *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004) (hearing unnecessary where no evidentiary facts were alleged to support unsubstantiated allegations of incompetence). To warrant an evidentiary hearing regarding his competency, a defendant must establish by a preponderance of the evidence that his competency is in question. *Medina v. California*, 505 U.S. 437, 449 (1992). Some of the factors for the court to consider in determining whether a competency hearing is necessary include "defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Dutton*, 217 F.3d at 411.

The Court finds that there is nothing in the record of this case which would raise any question as to Petitioner's competency. Moreover, the Court finds that Cofer has not shown any basis upon which his counsel, or the Court, could have believed he may have been incompetent. Accordingly, counsel cannot be deemed ineffective for not requesting a mental health assessment before trial.

After Cofer was convicted, but before sentencing, his attorney did request a mental health evaluation of Cofer as a possible aid in preparation for sentencing [Doc. 50]. After conducting a hearing, the Court denied the motion, finding that Petitioner had not shown that a mental health expert's services were "necessary for adequate representation" at sentencing [Doc. 53]. At the hearing, Cofer's attorney did not contend that Cofer was incompetent to proceed to sentencing, stating that Cofer "had assisted him actively and effectively at trial." Instead, counsel said that Cofer was a drug addict and that a mental health evaluation could reveal Cofer's amenability to treatment, as part of his sentence. Accordingly, this claim for relief is without merit.

## CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A Judgment will enter **DENYING** the Motion [Doc. 75].

**IT IS SO ORDERED**.

ENTER: April 12, 2016

_____
**UNITED STATES DISTRICT JUDGE**