UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:09-CR-31 |
| | ) |
| RICKY E. COFER | ) |

**MEMORANDUM AND ORDER**

Before the Court are three *pro se* motions filed by defendant. Two motions seek the appointment of counsel to review his case for the applicability of "new gun laws," [Docs. 98, 99]. The third motion requests copies of documents from the Court's record. As follows, all three motions are denied.

### I. Background

A jury convicted defendant of being a felon in possession of a firearm and impersonation of an officer [Doc. 49]. The proof at trial showed that defendant participated in a violent home invasion, dressed as law enforcement, and terrorized the victims in the home while demanding money and drugs. Defendant placed a gun to the head of one of the adult victims and threatened to "blow her brains out." Defendant tied up the male victim and kicked and hit him with the butt of his gun. Defendant further threatened to kill the young family and their children. Even more disturbing, defendant held a gun to the head of a 9-month old infant. The victims' home security system alerted

1

law enforcement, and defendant was apprehended at the scene. The officers recovered the firearm and arrested defendant.

On February 10, 2011, a jury found defendant guilty of being a felon in possession of a firearm and of impersonating a federal officer [Doc. 49]. Because defendant had three prior convictions for violent felonies or serious drug offenses, he was adjudged an Armed Career Criminal and sentenced to 262 months in prison [Doc. 57]. The Sixth Circuit affirmed defendant's conviction [Doc. 73]. Defendant filed a motion under § 2255 alleging ineffective assistance of counsel which was denied by this Court [Doc. 92]. Defendant did not appeal the denial of his § 2255 motion. Defendant is currently scheduled for release from the Bureau of Prisons on October 12, 2035.

## II. Analysis

### A. Motion to Appoint Counsel

There is no general constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). A court has discretion to appoint counsel if the interests of justice so require. *See generally,* 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Defendant has not provided any information that would suggest that the appointment of counsel would be appropriate in light of any of the authorities cited.

Defendant requests the Court appoint counsel to review his case in light of "new gun laws such as Johnson and Dimaya," which invalidated the Armed Career Criminal Act

2

and the Immigration and Nationality Act's definitions of a "crime of violence" under their respective residual clauses. *Johnson v. United States,* 135 S. Ct. 2552, 2563 (2015) and *Sessions v. Dimaya,* 138 S. Ct. 1204, 1223 (2018).

The residual clause struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson,* 135 S. Ct. at 2563. The clause struck down in *Dimaya,* based on *Johnson's* reasoning, defined a "crime of violence" as a felony offense that "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b); *Dimaya,* 138 S. Ct. at 1212.

The Supreme Court expressly stated in *Johnson* that it was not invalidating the Armed Career Criminal Act's use of force clause. *Johnson* has no application to the similarly worded use of force clause in § 924(c)(3)(A). *See Johnson,* 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony"). Accordingly, the reasoning of *Johnson* and its progeny do not provide defendant with a basis to challenge the validity of his conviction. Because appointment of counsel would be unwarranted or unnecessary, defendants' motions for appointment of counsel [Docs. 98, 99] are denied.

3

### B. Motion for Transcripts and Records

Defendant moves for production of transcripts and records in his criminal proceedings in order to litigate a second or successive § 2255 motion. A petitioner desiring a free transcript is required to include in his motion factual allegations sufficient for the court to determine whether (1) the motion is nonfrivolous and (2) the transcripts are needed to decide the issues raised in the motion. 28 U.S.C. § 753(f). Here, defendant fails to set forth sufficient factual allegations to warrant a free transcript. Accordingly, the court finds defendant has not meet the requirements of 28 U.S.C. § 753(f), and his motion for transcripts and records [Doc. 102] is be denied.

### III. Conclusion

For the reasons set forth above, defendant's motions for appointment of counsel [Docs. 98, 99] are **DENIED,** and defendant's motion for production of transcripts and records [Doc. 102] is also **DENIED.**

The Clerk is directed to send a copy of this Memorandum and Order to Ricky E. Cofer, 32558-074, Atwater, U.S. Penitentiary, Inmate Mail/Parcels, Box 019001, Atwater, California 95301.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4

Case 3:09-cr-00031-PLR-HBG   Document 105   Filed 08/24/20   Page 4 of 4   PageID #: 813